**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2224

HÉCTOR E. COLÓN-RODRÍGUEZ, in his personal capacity and as
President of Fundación Eco-Cultural, Inc. and doing business as
the Eco-Logic Co., Inc. & TM; ECO-LOGIC CO., INC., & TM;
FUNDACIÓN ECO-CULTURAL, INC., represented by its president Héctor
Colón-Rodríguez,
Plaintiffs, Appellees,

v.

CARLOS D. LÓPEZ-BONILLA, Hon., in his personal capacity and
official capacity as Mayor of the Municipality of Rincón; ALEXIS
ROSADO, Director of the Department of Public Works of the
Municipality of Rincón and member of the Municipality's
Procurement Board, ZAYDA RODRÍGUEZ-MORALES, in her personal
capacity and official capacity as President of the Procurement
Board, Municipality of Rincón; MUNICIPALITY OF RINCÓN,
represented by its Mayor Hon. Carlos D. López-Bonilla;
PERSONS A-Z,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Lynch, Circuit Judge,
Lipez, Circuit Judge, and
Garcia-Gregory,[*] District Judge.

---

[*] Of the United States District Court for the District of
Puerto Rico, sitting by designation.

G. Ismalia Gutiérrez Galang, with whom the Law Offices of Pedro E. Ortiz Álvarez, P.S.C., were on brief, for appellants.

Hector E. Calle-Ortiz for appellees.

---

April 22, 2004

---

**Per Curiam**.   Since 1995, Héctor Colón-Rodríguez has leased certain property, where he has operated a tourist gift shop, from the municipality of Rincón in Puerto Rico.   On October 1, 2000, he was given a five-year lease by the then-municipal administration, which was under the control of the New Progressive Party (NPP).  He alleges that when the new administration came into office, controlled by a different political party, the Popular Democratic Party (PDP), he was harassed and false complaints were made against him, culminating in a notice from Rincón on March 9, 2002 that it was terminating his lease effective April 8, 2002 because he had defaulted on certain lease provisions.

On June 19, 1992, Colón-Rodríguez, his gift shop (Eco-Logic Co., Inc.), and his non-profit organization (Fundación Eco-Cultural, Inc.), for which he had planned to build a center next to his store, filed suit in federal district court under 42 U.S.C. § 1983, asserting that the termination of the lease violated Colón-Rodríguez's civil rights and constituted political discrimination and retaliation against him. After several extensions of time, the municipality and municipal defendants answered the complaint on September 5, 2002.  The matter continued in federal court, with some delay occasioned by the fact that plaintiffs' original counsel was replaced.

Impatient with the lack of progress in getting to the merits of the controversy in federal court, the defendants did not

file a motion with the federal court to expedite proceedings but instead filed a Puerto Rico court complaint on April 1, 2003 to evict Colón-Rodríguez from the property. The state court set a hearing date for July 2, 2003. The defendants did not, as best we can tell, inform the state court of the pending federal court proceedings.

On June 20, 2003, the plaintiffs filed a motion with the federal court to stay the state court proceedings. On July 1, 2003, before the defendants had responded, the court granted the requested injunction. The defendants submitted their opposition to the motion later that day, arguing that a stay was prohibited by the 28 U.S.C. § 2283, the Anti-Injunction Act. After realizing that the court had already ruled, the defendants then moved for reconsideration, which the court denied on July 16, 2003. The defendants took this appeal on July 28, 2003, arguing the injunction violated § 2283 and raising a new argument that a stay was required under the doctrine of Younger v. Harris, 401 U.S. 37 (1971). Although Younger was not raised in the trial court, it may still be raised before this court. See Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976).

There was some confusion below about which exception to the Anti-Injunction Act permitted the court to consider the application for injunctive relief. The parties now agree that, at a minimum, the fact that the plaintiffs brought the action under §

1983 means that the case was within an exception to § 2283. <u>Mitchum</u> v. <u>Foster</u>, 407 U.S. 225 (1972). That being so, at oral argument, this court inquired of counsel what the defendants' real interest in pursuing this appeal was. Defendants said that their objective is to achieve a prompt hearing on the merits of this matter so that the status of the property can resolved. They said that, from their point of view, Colón-Rodríguez has created a dangerous and unsightly condition at the premises by his failure to meet certain lease obligations.

The defendants represented to us that they have no objection to remaining in federal court and having the federal court resolve the entire matter, provided that there would be a prompt resolution, at least of the issue concerning the condition of the premises. This court then inquired of plaintiffs' counsel whether the plaintiffs would agree to join with the defendants in asking the district court to expedite and promptly schedule this matter. Plaintiffs' counsel agreed. Defendants then said that they would voluntarily dismiss the appeal if they could get a prompt resolution in the trial court.

The parties have provided such a written agreement to this court, the pertinent portions of which are attached as Exhibit A. As a result, we order that the appeal be dismissed without prejudice, and the case is remanded to the district court with instructions to expedite the resolution of this matter and to set

a firm trial date.  We also note that the defendants' most pressing concern seems to be the condition of the premises and that it may be appropriate for the district court to promptly consider that issue first.  If the defendants become concerned that they are unable to achieve a prompt resolution of this matter, they may then seek appropriate relief and raise material arguments first in the district court.

So ordered.

EXHIBIT A

Come now the parties in this appeal, the Municipality of Rincón and Héctor Colón Rodríguez, through the subscribing attorneys, and respectfully submit the following stipulation.

1.    Defendants' interest is to expedite the resolution of this controversy. They have no objection to being in the federal district court, provided that the proceedings are expedited.

2.    Plaintiffs agree that the proceedings be expedited.

3.    The parties agree to the dismissal of this appeal without prejudice.

4.    The parties jointly request an expedited trial date to be set for any of the Court's available dates in the months of August or September 2004.